Thank you, your honor. May it please the court. My name is Lisa Mellem. I am the appellant. I'm appearing pro se. I would like to reserve five minutes of my time for rebuttal. Okay. I'm asking you today to overturn the BAPT's opinion that affirmed the bankruptcy court's denial of my motion for order to show cause for violations of the discharge injunction committed by my brother, Carl Mellem, as successor trustee of the Dorothy B. Mellem Revocable Trust. This case concerns the distribution of the trust estate of Dorothy Mellem and the actions of her son, Carl Mellem, the successor trustee that supplanted Dorothy's intent with his own regarding distribution of her estate. The BAPT's opinion must be overturned for now because it found that the essential facts are not in dispute. That's in ER 15. Although the opinion does not explain what those undisputed facts are, I believe that is an inaccurate characterization of this case and that many of the essential facts are in fact disputed. I ask this court to overturn the BAPT's opinion in its entirety. The BAPT incorrectly and of the $75,000 debt I owed to my mother somehow prevented her from thereafter reducing my legacy by any amount if she so chose. I have never made such a contention. Of course, my mother could reduce the inheritance by any amount at any time. The fact is she didn't. What I take issue with here are the actions of Carl, who as successor trustee subverted Dorothy's intent by replacing it with his own. In all the pleadings I filed at the probate court, the bankruptcy court, and the BAPT, I take issue with Carl's actions alone, not my mother's. My brother engaged in a subterfuge. He knowingly lied to the probate court by omitting the fact that the loan documented by the promissory note on which he extensively relied in his petition for obstruction had been discharged in bankruptcy. He well knew of that. I informed him of such. He used his position. Now, can I interrupt for just a minute? You say that loan was discharged in bankruptcy. Was that loan entered in the bankruptcy proceeding as a debt? It, I, I inadvertently omitted it. It was not, when I went back to check the schedules, it did not make it into the schedules. It was a no asset. It's hard to say that it's discharged if it wasn't listed as a debt. I understand that to be the bankruptcy law, that if it's a no asset bankruptcy, regardless of whether a loan is scheduled or not, if it existed at the time, it is discharged. Furthermore, my mother was aware that the loan was being included in the schedules. I, in fact, told her it had to be, as was my understanding, and my understanding that I had done that, and that if she, we could continue repayment afterwards if that was her desire. So she was aware of the, of the discharge, and it was my full intention to include it. And I believe the law supports me on that matter. Well, Ms. Mellon, the, a question for us is whether or not this was actually a loan or not. And do we have a decision of the state probate court saying that it, that this wasn't, this was an advance on your inheritance? With all due respect. Yes. So that is one of the reasons why the court below held the way it did. So can you address that, please? Certainly. With all due respect, the order on petition makes no finding of fact regarding Dorothy's intent. It merely states that the $75,000 is to be deducted as an advance from my inheritance. It does not find that that was Dorothy's intent that that happened. So it merely gave an instruction that that could be done, but it did not find that it was her intent. The, there has been no finding of intent of my mother's matter. The order was issued on the petition alone. As I briefed in my, in my pleadings that I was unable to object to it because I was late arriving that day. The court was not informed of the discharge of that loan, which as I said that petition relies on extensively. Therefore, it cannot be known since there were no findings in that order as to on what that order was based. It cannot be known whether or not they relied on that discharged loan debt in issuing that order. Therefore, they exceeded unknowingly their subject matter jurisdiction. But then may I ask you to address the BAP thought that, you know, to the extent that you're challenging the decision of the California Probate Court, you know, the BAP doesn't have What can we do? I mean, don't we have to take the California Probate Court decision as a given? Is there really a way that we can look behind that? Yes, you can. The federal courts, especially bankruptcy courts, have exclusive jurisdiction over the effects of bankruptcy discharges on basically my inheritance. It's not up to the law if they interpret it correctly. If they misinterpret the effect of a bankruptcy discharge, this court can overrule it and in fact must overrule it because it exceeds its jurisdiction. This court has exclusive jurisdiction and is empowered to overturn any state ruling that misapplies a bankruptcy discharge. And it is my contention that the Probate Court did so, again, unknown to it. It was misled into making that order in excess of its subject matter jurisdiction because it was not advised of the discharge of that loan. Putting to one side the question that might arise from the fact that the $75,000 was not listed as a debt in the bankruptcy proceeding, the question specifically addressed by the BAP is whether or not an advance on an inheritance is a debt within the meaning of the code and the court holds that it is not. You obviously disagree with that. Help me understand the basis for the disagreement. Well, the BAP actually said that they found that the bankruptcy court did discharge the $75,000 debt. They actually state that in their opinion. So at one point they do call it a debt. Then the only way they couch the fact that it wasn't a debt is they say Dorothy was not seeking to enforce a debt. And that has never been my contention. It is my brother that is trying to revive that debt that was previously discharged. Okay. Furthermore, if we are just discovering the major issue I have is with that order on petition, which I believe was issued in excess of the subject matter jurisdiction, it was obtained through what I believe was intentional misrepresentation of the facts. My brother was months before he filed that petition and yet took it upon himself not to advise the court of that. So I believe he did violate the discharge injunction and intentionally and knowingly violated the discharge injunction. And he should be held in contempt for it. And therefore, this court should overturn the BAP's denial of my request for the order to show my request. Okay. At this point, do you want to let the other side go and then save your time for rebuttal? Or do you want to say anything further at this time? No, I will save for rebuttal. Thank you. Let's hear from the other side and then you will have saved some time. Thank you. Good morning and may it please the court. My name is Edward William Goldfoo, III, and I represent Carl Mellom, the successor trustee of the Dorothy B. Mellom Trust. Before the court today is a review of the bankruptcy appeal panel for the Ninth Circuit's opinion, confirming that the bankruptcy court's determination that there was no violation of the 524 stay following Ms. Mellom's decision. The basis for the bankruptcy appeal panel's ruling is, I believe, beautifully, eloquently, and completely covered by its decision. We are happy to explore additional reasons why they were correct, if the court likes. I do believe it is a fundamental issue for this court to determine whether or not the debt at issue was discharged. Dorothy Mellom, the state court found, forgave the debt. I do not know very much about bankruptcy, I confess, but I don't believe a forgiven debt can be discharged as a matter of law, but I don't know. Carl Mellom exercised his constitutional right to petition the probate court for an instruction under probate code section 17200B6. As a matter of state law, that request cannot have modified, moved, or another way, in any other way, imposed upon property rights. In order for a petition and probate court to modify property rights, it would have to be brought under probate code section B50. You know, we're not in a position to revise or interfere with the decision of the probate court. The bankruptcy court nor we sit on appeal on state court decisions. This is a bankruptcy case. I'm a little sorry you said you don't know much bankruptcy law. I agree, your honor. This is an attempt, in my view, to appeal the probate court's order, but when you're looking at the cause, and I believe that is the only issue before this court, I think the answer is obvious. Of course, Carl seeking a probate court's instruction about a decedent's intent, that's what a 17200 petition is in a state court, cannot offend a bankruptcy discharge. Why? One, Dorothy Mellom was not a creditor in Lisa Mellom's bankruptcy. Two, Carl Mellom, the trustee, was not a creditor in Lisa Mellom's 2009 bankruptcy. Therefore, due process requires that that order not stop either of them from exercising their constitutional property rights. In 2009, Lisa received, excuse me, Ms. Mellom received her bankruptcy discharge. In 2012, Dorothy amended the trust once, reducing the share of all three of her children. If Ms. Mellom's position was right, Dorothy would have been in contempt of the bankruptcy discharge for reducing her inheritance then. She hasn't even argued that because it can't possibly be a violation of a bankruptcy discharge. The Taggart case is, I believe, not only on point, but very compelling. The condenor must know that the discharge applies. How can the request of a wanted for her property after her death possibly violate a bankruptcy discharge? It can't because Dorothy's assets were hers. Lisa conflates her belief she was to receive 30% of the trust with Dorothy's right to not modify that request at will. Under probate code section 18600, excuse me, 15800, Dorothy was free to modify her trust until the day of her death. That can be done by a formal amendment as she did in 2012. It can be done by an advance, which she did twice, once to Ms. Mellom for $75,000 and once to her son Richard for $10,000. The probate court confirmed both advances and instructed Carl, the trustee, to distribute Dorothy's assets, which were in the trust, to the beneficiaries, taking into account those lifetime advances. As the BAP points out in its opinion, an advance does not create an obligation to the recipient. If Dorothy's trust estate was bankrupt and was in debt for millions of dollars, Lisa owes no one nothing. The other beneficiaries have no cause of action against Lisa for the advance, nor do the creditors have the ability to try to claw back that advance. An advance is a lifetime gift that can be used to offset a subsequent testamentary request. That's all that's before the court now, is making an advance, a gift during life, somehow a violation of a bankruptcy discharge when neither the settlor nor the trustee were creditors in a bankruptcy. I think the answer must be no, as both the Bankruptcy Court and the Bankruptcy Appeals Panel have found. And if there's no other questions, I'll yield the rest of my time. Any further questions from the bench? No, thank you. Ms. Mellom, you've saved some time. Yes, thank you. Again, we're talking about conflating, and counsel was talking a lot about how Dorothy could amend her trust, and I never said she couldn't. This was a $75,000 loan. It was documented by a promissory note that set out repayment terms on its face. So, if this was an advancement, and I have made significant repayments of that loan, then why would the total amount be deducted from my inheritance if it was an advance? It was not an advance. It was a loan to Dorothy, and it so states that on the face of the promissory note. Again, there were no findings of Dorothy's intent. The documents provided to the probate are not sufficient to amend her intent or amend the trust under California law. The court didn't take them into consideration because as far as it knew, there was no objection to the petition. They were not advised of my objection. So, the order was issued just to deduct $75,000 from my inheritance, period. It used the term advancement when I spoke to the judge that day after arriving in his courtroom. He did explain to me that, in his opinion, he had not issued any order that day that would preclude me from arguing that that loan, or what he didn't characterize either, was discharged in bankruptcy. That's what he in the courtroom that day. I have declarations submitted in the record to that effect. So, I am not using this procedure as an appeal of the state court process. I am using this procedure to enforce the discharge injunction against my brother, not against my mother. The comment of the property of my mother, if she wanted to sue, if she was in debt when she died, it wouldn't matter because the note says, I will repay her. So, you know, the loan would have been paid regardless whether she died with or without it. I'm sorry. So, the fact that counsel claims that a forgiven debt could not be discharged in bankruptcy, again, this point seems to be missed a lot. My mother knew that I was discharging the debt, the remaining balance I had not repaid up until that point. So, it was discharged in bankruptcy with the understanding that I would continue to make repayments on that loan as per my circumstances, as is stated on the face of that note, and I would continue doing that. After the bankruptcy discharge issued, I discussed it with my mother, and based on the progress I had made, and my circumstances at the time, she graciously forgave the remaining debt. So, it was discharged in bankruptcy. It was a debt that was still owing after the bankruptcy, and it was forgiven at that point. So, I just wanted to clarify that a little bit. If there's any other questions I can clarify for the court, I'd be happy to do so. Okay. Any further questions on the bench? Thank both sides for your arguments. The case of Mellom v. Mellom now submitted for decision. That's the last case on our argument calendar this morning, and we are now in adjournment. Thank you very much. All rise.
judges: SCHROEDER, FLETCHER, MILLER